UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALINDA STEPHENS, et al., | |
| Plaintiffs, | Case No. 20-cv-4305 |
| v. | Judge John Robert Blakey |
| C&K Trucking, LLC, | |
| Defendant. | |

### ORDER

This Court denies Defendant's motion to dismiss [26]. Defendant is ordered to answer the amended complaint by June 4, 2021. In addition, by June 14, 2021, the parties shall file a status report proposing reasonable case management dates. This Court will set future dates by separate order.

### STATEMENT

In July 2020, Valinda Stephens, Bernard Shurn, and Damien Muhammad (original plaintiffs) filed a putative class action complaint against Defendant C&K Trucking. [1]. The complaint asserted claims under the Truth in Leasing Act (TILA) and state law for fraud and breach of contract, and all three claims arose from alleged contractual relationships between the original plaintiffs and Defendant. *Id.* Defendant moved to dismiss this complaint under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that this Court should dismiss all of the claims because the original plaintiffs are not the actual parties to the contracts at issue. [18].

In response, Plaintiffs BNVS Transport LLC and Mein & Meen Trucking, Inc. amended the complaint under Federal Civil Procedure 15(a)(1)(B), effectively substituting themselves as new Plaintiffs in lieu of original plaintiffs Stephens, Shurn, and Muhammad. [24]. The amended complaint is nearly identical in substance to the original complaint but clarifies that the original plaintiffs (who are no longer named as plaintiffs) own and operate the companies named as the new Plaintiffs, BNVS Transport and Mein and Meen Trucking, and that these new Plaintiffs are the actual parties to the relevant contracts with Defendant. *Id.* at ¶¶ 2–3, 19–20. The amended complaint alleges that Defendant provides "intermodal drayage" services to shippers across the country, which refers to the use of trucks to

move freight from one mode of transportation to another. *Id.* at ¶ 2. When providing these services, Defendant enters into standardized agreements with smaller owner-operators like Plaintiffs. *Id.* at ¶¶ 2, 4. These agreements require Plaintiffs to provide a truck to lease to Defendant and to then drive the leased trucks to haul loads tendered by Defendant. *Id.* at ¶¶ 4, 6. Plaintiffs claim that although Defendant's contracts require it to pay Plaintiffs a certain amount for hauling loads, Defendant has consistently short-changed their pay and made false statements to Plaintiffs about their routes and compensation, rendering them liable under TILA and for breach of contract and fraud. *See generally* [24]. Defendant has moved to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6), arguing that this Court lacks subject matter jurisdiction over the case and that Plaintiffs fail to state a claim for fraud. [26]. Plaintiffs oppose the motion. [34].

Analyzing a motion to dismiss under Rule 12(b)(1) requires this Court to construe Plaintiffs' complaint in the light most favorable to Plaintiffs, accept as true all well-plead facts, and draw reasonable inferences in Plaintiffs' favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Courts evaluating Rule 12(b)(1) motions may look beyond the complaint to consider whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Silha*, 807 F.3d at 173 (when reviewing a challenge to subject matter jurisdiction, "the court may look beyond the pleadings and view any evidence submitted"). Under Rule 12(b)(6), this Court must construe the complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 772 F.3d 911, 915 (7th Cir. 2013). Statements of law or conclusory factual allegations, however, need not be accepted as true. *Id.* Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

This Court begins with Defendant's jurisdictional argument under Rule 12(b)(1). Defendant argues that the original plaintiffs—Stephens, Shurn, and Mohammad—lacked Article III standing to sue and therefore also lacked standing to amend the complaint to substitute their companies as the new Plaintiffs. [27] at 5–10; [37] at 3–9. Initially, this Court disagrees with the notion that the original plaintiffs lacked Article III standing. To establish Article III standing, a plaintiff must show that: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Silha*, 807 F.3d at 172–73 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180−81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992)). Here, the original plaintiffs alleged that they, on behalf of

2

the companies they own and operate, entered into contracts with Defendant to haul loads; that Defendant underpaid them and made misrepresentations about pay; and that this Court can redress their injuries by awarding damages. These allegations establish the elements of Article III standing: (1) an Article III injury in the form of financial losses suffered by the companies the original plaintiffs own and operate, *see McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*, 937 F.3d 1056, 1063 (7th Cir. 2019), (2) that Defendant caused, and (3) for which this Court can compensate Plaintiffs through a favorable decision.

Although standing has existed since the case's inception, this Court understands Defendant to be making a slightly different point—that is, because the original plaintiffs were not the real parties in interest to enforce rights arising from the relevant contracts, they lacked the ability to amend the complaint to substitute the real parties in interest. *See* [37] at 7 (arguing that "Plaintiffs attempted to usurp the [original plaintiffs'] rights under the contracts and assert the claims in their own names without justification."). Defendant is not wrong that the original plaintiffs do not qualify as the real parties in interest: a "natural person is not the real party in interest for bringing a suit based on a corporation's rights, even when the person is the sole owner of the corporation." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018). But failing to prosecute an action by the real party in interest is *not* a jurisdictional defect. *Id.*; *see Llano Fin. Grp., LLC v. Lendzion*, No. 15 C 7091, 2016 WL 930660, at *3 (N.D. Ill. Mar. 11, 2016) ("Standing is jurisdictional; the real party in interest doctrine is not.") (citing *Fed. Deposit Ins. Corp. v. Hartford Ins. Co. of Illinois*, 877 F.2d 590, 592 (7th Cir. 1989)). Instead, such failure is "merely a defect that, once raised by [Defendant], [the original plaintiffs were] obligated to remedy." *Bushberger v. Midland Credit Mgmt., Inc.*, No. 17-CV-1468, 2019 WL 2271043, at *5 (E.D. Wis. May 28, 2019); *see also, e.g.*, *Llano*, 2016 WL 930660, at *4–5 (granting the plaintiff time to replead his complaint to cure his failure to name the real party in interest) (citing Fed. R. Civ. P. 17). Thus, the original complaint's failure to name the true parties in interest as plaintiffs did not create a jurisdictional problem, but merely resulted in a curable defect. And here, the original plaintiffs remedied the defect by amending the complaint to substitute the real parties in interest—the companies—as the new Plaintiffs. Their amendment is not only allowable under the above-cited case law, but also is consistent with Plaintiffs' Rule 11(b)(3) obligation to ensure that their "factual contentions have evidentiary support." This Court therefore finds no basis to dismiss the amended complaint on Rule 12(b)(1) grounds.

This Court turns now to Defendant's Rule 12(b)(6) arguments, which Defendant directs solely at Plaintiffs' fraud claim in Count III. Defendant first argues that Plaintiffs' fraud claim should be dismissed as duplicative of their breach of contract claim. [37] at 13–14. Defendant rightly notes that "fraud claims must contain something more than reformulated allegations of a contractual breach," *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005)), but ignores

Plaintiffs' allegations of distinct fraudulent acts. Indeed, Plaintiffs allege specifically that Defendant lied about documentation requirements for receiving pay, provided contradictory and misleading statements in response to pay disputes, and unilaterally changed contract terms regarding pay without Plaintiffs' consent or knowledge. [24] at ¶¶ 42, 71. These allegations do not merely describe Defendant's breach of its contractual promise to pay Plaintiffs certain amounts; they describe misrepresentations and omissions that give rise to fraud. Accordingly, this Court declines to dismiss Plaintiffs' fraud claim at this stage. *See, e.g.*, *Boyd Grp. (U.S.) Inc. v. D'Orazio*, No. 14 CV 7751, 2015 WL 3463625, at *9 (N.D. Ill. May 29, 2015) (declining to dismiss a fraud claim as duplicative of a breach of contract claim where the plaintiff alleged false statements separate and apart from the alleged breach of contract).

Defendant also argues that Plaintiffs fail to plead fraud with particularity. [27] at 10–12. In cases alleging fraud, Rule 9(b) imposes a heightened pleading requirement: "a party must state with particularity the circumstances constituting fraud." As a practical matter, this means that Plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Defendant argues Plaintiffs failed to adequately plead the "who" of the fraud because they did not plead the specific names of the people who made the alleged misrepresentations to Plaintiffs. [27] at 11. But Plaintiffs do allege that the misrepresentations came from Defendant's agents, *see* [24] at ¶ 71, and that is enough at this stage, when Plaintiffs may not know the agents' identities until they conduct discovery, *see Tammerello v. Ameriquest Mortg. Co.*, No. 05 C 466, 2005 WL 1323559, at *3 (N.D. Ill. June 2, 2005) ("While Plaintiff fails to specifically name the agents in question, such a failure is not fatal to his complaint given that he identifies them as agents of Ameriquest, the defendant in this case."); *Gelco Corp. v. Major Chevrolet, Inc.*, No. 01 C 9719, 2002 WL 31427027, at *9 (N.D. Ill. Oct. 30, 2002) (denying motion to dismiss fraud claim for failure to plead with specificity the identity of defendant's employees who made the fraudulent statements because "the identity of defendant's employees who may have entered false information on documents is not known to plaintiffs").

Defendant also complains that Plaintiffs fail to provide relevant dates of the fraud with sufficient specificity (the "when"). [27] at 11. True, Plaintiffs do not allege any exact dates and times of the fraud. But the law does not require them to provide exact dates; rather, "general allegations as to time" satisfy Rule 9(b). *Prince-Servance v. BankUnited, FSB*, No. 07 C 1259, 2007 WL 3254432, at *6 (N.D. Ill. Nov. 1, 2007); *see also Benson*, 944 F.3d at 646 (holding that the complaint adequately alleged the "when" of fraud by stating that it occurred from "May 10, 2014, to the present"); *Am. Guardian Warranty Servs., Inc. v. JCR-Wesley Chapel, LLC*, No. 16 C 11407, 2017 WL 2224883, at *5 (N.D. Ill. May 22, 2017) (observing that the plaintiff "need not state exact dates" on which the defendant made representations). Plaintiffs plead the general time period of the alleged fraud, alleging, for instance, that Defendant

4

made contradictory or misleading statements in response to pay disputes monthly from June 19 through April 2020 to Plaintiff BNVS Transport, and between March 2018 and August 2019 and October 2019 and February 2020 to Mein & Meen Trucking. [24] at ¶ 71. These general allegations satisfy Rule 9(b).

For the reasons stated above, this Court denies Defendant's motion to dismiss [26]. Defendant is directed to answer the amended complaint by June 4, 2021. By June 14, 2021, the parties shall file a status report proposing reasonable case management dates. This Court will set future dates by separate order.

Dated: May 17, 2021

Entered:

_____
John Robert Blakey
United States District Judge