# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BNVS Transport LLC and MEIN & MEEN TRUCKING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C&K TRUCKING, LLC,<br><br>Defendants. | Case No. 1:20-CV-04305<br><br>Judge John Robert Blakey |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs BNVS Transport LLC's and Mein & Meen Trucking, Inc.'s ("Plaintiffs") Motion for Preliminary Approval of Class Action Settlement.

The Parties have agreed to a settlement upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"). If the settlement receives final approval, then under the terms of the Agreement there would be full and final resolution of this action.

Having reviewed Plaintiffs' Motion and all papers submitted in support thereof, including the Agreement and the Exhibits thereto, the Declaration of Joshua Konecky and the Exhibits thereto, the Declaration of Stacey Vucko, the Declaration of the Settlement Administrator, and good cause appearing, IT IS HEREBY ORDERED THAT:

1. The Court hereby GRANTS preliminary approval of the class action settlement upon the terms and conditions set forth in the Settlement Agreement. The Court preliminarily finds that the terms of the Settlement are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. For purposes of this Preliminary Approval Order ("Order"), the Court hereby adopts and incorporates all definitions set forth in the Settlement Agreement.

3. The Court preliminarily finds that the Settlement is the product of arms-lengths conducted by the Parties, supervised by an experienced mediator, Professor Lynn Cohn of the Northwestern University Pritzker School of Law.

4. Solely for the purpose of settlement in accordance with the Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws applicable to preliminary settlement approval of class actions have been satisfied, and the Court hereby certifies, for settlement purposes only, the following Class:

> All current or former owner-operators based in Illinois who signed one of Defendant C&K Trucking LLC's standardized Independent Contractor Agreements and provided services pursuant to that agreement(s) at any time from July 22, 2010, to July 29, 2022.

5. Pursuant to the Agreement, and for settlement purposes only, the Court further finds that

    a. The Class is so numerous that joinder of all members is impracticable, as there are over 1,000 settlement class members;

    b. There are questions of law or fact common to the Class,

        particularly as to deductions, because the class members signed the same standard contract;

c.    The claims of the Class Representative are typical of the claims of the Class that the Class Representative seeks to certify because they signed the same standard contract as the other class members and were subject to the same pay policies and practices;

d.    The Class Representatives, Valinda Stephens and Bernard Shurn, the owner-operators of Plaintiff BNVS Transport LLC, and Damien Muhammad, the owner-operator of Plaintiff Mein & Meen Trucking, Inc., will fairly and adequately protect the interests of the Class because their interests are aligned with Class's and they have vigorously pursued the claims in this matter on the Class's behalf. They are, therefore, appointed as the representatives of the Class;

e.    Class Counsel, Vucko Law LLP and Schneider Wallace Cottrell Konecky LLP, are experienced attorneys who will fairly and adequately protect the interests of the Class and are qualified to represent the Class, and are, therefore, appointed as attorneys for the Class for purposes of settlement;

f.    Predominance and superiority are satisfied because the Class Representatives are pursuing the same claims as those of the Class, and pursuing individual claims is not feasible, given the

relatively small value of the claims on an individual basis; and

g. The proposed class notice appropriately notifies the Class of the subject matter of this action, the terms of the settlement, their rights under the settlement and how to pursue those rights, and how to obtain more information, including information concerning Plaintiffs' motions for fees and costs and for service awards.

6. JND Legal Administration is hereby appointed to serve as the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Settlement Agreement, including but not limited to: translating the Notice of Class Action to Spanish; preparing and submitting to Settlement Class Members and government entities all appropriate tax filings and forms; computing the amount of and distributing Individual Class Member Payments, any Class Representative Service Payments, and Class Counsel Attorneys' Fees and Litigation Expenses Payments; processing and validating Opt-Outs; establishing a Qualified Settlement Fund; and calculating and preparing and submitting filings required by law in connection with the payments required by the Settlement.

7. Pursuant to the terms of the Agreement, Defendants are hereby directed to prepare and provide the Class Data to the Settlement Administrator within seven (7) days of entry of this Order.

8. Pursuant to the terms of the Settlement Agreement, JND Legal

Administration is hereby directed to send by first-class regular U.S. mail and, where available, email, the Notice of Class Action Settlement and Hearing Date for Final Court Approval ("Notice") to all Class Members within fourteen (14) days of receiving the Class Data from Defendants.

9. The Court approves as to form and content the Notice attached to the proposed settlement agreement as Exhibit A, in which the Parties shall include the time, date, and location of the hearing on Plaintiffs' Motion for Final Approval as set forth in Paragraph 15 below.

10. The Court finds that the distribution of the Notice in the manner set forth in this Order and the Settlement Agreement is the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

11. Any Class Member may request to be excluded from the Class and the Settlement by submitting a written Opt-Out in accordance with Section 8.4 in the Settlement Agreement and by first class mail to the Settlement Administrator. Any such request to opt out will be timely only if postmarked no later than the Response Deadline, which is sixty (60) days after the Notice is initially mailed to the Class Members. Any Class Member who submits a completed, signed and timely written Opt-Out shall not be a member of the Settlement Class, shall be barred from participating in this Settlement, shall be barred from objecting to this Settlement,

and shall receive no benefit from this Settlement. Unless Class Members submit a completed, signed, and timely Opt-Out, they shall be bound by this Agreement and shall release all Released Class Claims.

12. Any Class Member wishing to object to this Settlement shall inform the Court, Class Counsel, and Defense Counsel in writing of his or her intent to object by following the procedure set forth in the Notice and prescribed by Section 8.6 of the Settlement Agreement. Class Members shall have sixty (60) days after the Notice is initially mailed to the Class Members to submit a written objection to the Settlement Administrator.

13. Any Class Member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Approval Hearing and object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to counsel. The Parties may file any response to the objections submitted by objecting Class Members, if any, at least five (5) court days before the Final Approval Hearing, or on another date set by the Court.

14. Any Class Member who does not make his or her objection(s) in the manner so provided herein and in the Notice, or as otherwise allowed by the Court, shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

15. The Final Fairness and Approval Hearing shall be held on February 15, 2022, at 11:00 a.m., before the Honorable John Robert Blakey in Courtroom 1203 of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, IL 60604. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, and any Service Award to the Class Representatives; and (d) to hear any timely objections to the Settlement.

16. The Court reserves the right to adjourn the date of the Final Approval Hearing and any adjournment thereof without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties to the Settlement, if appropriate, without further notice to the Class.

17. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are stayed and suspended until further order of this Court.

18. The Court recognizes that certification under this Order is for settlement purposes only. It shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendants or any of the Released Parties, of

any fault or omission with respect to any claim or that this action. Entry of this Order is without prejudice to the rights of Plaintiffs to move for class certification and/or renew their previously filed motion for class certification, and without prejudice to Defendants or any of the Released Parties to oppose class certification in this action should the proposed Settlement not be granted final approval.

SO ORDERED.

Dated: November 15, 2022

Entered:

_____
John Robert Blakey
United States District Judge