IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BNVS Transport LLC and MEIN & MEEN TRUCKING, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>C&K TRUCKING, LLC,<br><br>    Defendants. | Case No. 1:20-CV-04305<br><br>HON. JOHN ROBERT BLAKEY<br><br>HON. M. DAVID WEISMAN<br><br>DATE: February 15, 2023<br>TIME: 11:00 a.m.<br>LOCATION: Courtroom 1203<br>219 South Dearborn Street<br>Chicago, IL 60604<br>JUDGE: Hon. John Robert Blakey |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiffs BNVS Transport LLC's and Mein & Meen Trucking, Inc.'s ("Plaintiffs") Motion for Attorneys' Fees and Costs. The matter was heard by this Court on February 15, 2023, in Courtroom 1203 of the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois 95814. Having considered the Motion, the briefing in support of the Motion, the declarations submitted in support, relevant legal authority, the record in this case, and the argument of Counsel, the Court finds as follows:

1. Plaintiffs' counsel seek reasonable attorneys' fees of one-third (1/3) the net settlement fund plus reimbursement of actual out-of-pocket costs of $47,780.86.

2. "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "[T]he 'percentage method is employed by the vast majority of courts in the Seventh Circuit'" in evaluating fee requests in common fund settlements. *T.K. v. Bytedance Tech. Co.*, 2022 U.S. Dist. LEXIS 65322, at *66 (N.D. Ill. Mar. 25, 2022) (quoting *Hale*, 2018 U.S. Dist. LEXIS 210368). Moreover, "[t]he Seventh Circuit has determined that . . . 'when a settlement fund is created in exchange for release of the defendant's liability both for damages and for statutory attorney's fees, equitable fund principles must govern the court's award of attorney's fees.'" *Reid*, 2015 U.S. Dist. LEXIS 75383, at *15 (quoting *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 256 (7th Cir. 1988)).

3. Awards of attorneys' fees in the amount of one-third (1/3) the net settlement amount or more are common. *See George v. Kraft Foods Global, Inc.*, 2012 U.S. Dist. LEXIS 166816, at *8 (N.D. Ill. June 26, 2012) (citing *In re Ready-Mixed Concrete Antitrust Litig.*, 2009 U.S. Dist. LEXIS 132343, at *34 (S.D. Ind. Mar. 31, 2009) for the proposition that 33.33% of the common fund recovered is the "market rate" for fees in common fund cases); *Allegretti v. Walgreen Co.*,

2022 U.S. Dist. LEXIS 31985, 2022 U.S. Dist. LEXIS 31985, at *10 (describing a 1/3 fee as market rate in complex cases) (citations omitted); *see also, e.g.*, *id.* at *13-14 (awarding fees of 33.3% of the common fund); *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 203 (N.D. Ill. 2018) (same); *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d at 795 (affirming fee award that included "the sum of 36% of the first $10 million"); *Garcia v. J.C. Penney Corp.*, 2017 U.S. Dist. LEXIS 131890, at *4-6 (N.D. Ill. Aug. 9, 2017) (granting fees amounting to 35% of the gross settlement fund); *Simms v. Exacttarget, LLC*, 2018 U.S. Dist. LEXIS 245963, at *27, *30 (S.D. Ind. Oct. 2, 2018) (recommending that the District Judge grant 35% of the net settlement fund), *adopted by Simms v. Exacttarget, LLC*, 2018 U.S. LEXIS 245994, at *1-2 (S.D. Ind. Oct. 19, 2018).

4. Here, Plaintiffs request attorneys' fees of one-third (1/3) of the net settlement amount. This request falls within the accepted range for comparable cases. Plaintiffs' counsel have submitted declarations substantiating this request and describing their work on this case. The Court finds that the facts support a market rate of one-third (1/3) of the net settlement amount.

5. The Court notes that the percentage-of-the-fund approach to determining the reasonableness of attorneys' fee requests is the favored approach in this circuit, and "[t]he use of a lodestar cross-check has fallen into disfavor." *George*, 2012 U.S. Dist. LEXIS 166816, at *11 (citing *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 598 n.27 (N.D. Ill. 2011); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948 (N.D. Ill. 2001)). Nonetheless, Plaintiffs' counsel have submitted declarations substantiating their fees and billing practices and demonstrating the reasonableness of their rates. A lodestar cross-check here also supports a rate of one-third (1/3) of the net settlement amount because Plaintiffs' counsel's lodestars are commensurate with this amount.

6. In light of the significant relief obtained for the Classes, the skill in achieving these results, the complexity of class action cases such as this one, and the risks undertaken by Counsel, the Court finds that a fee award of one-third (1/3) of the net settlement amount is reasonable under applicable law.

7. Accordingly, the Court GRANTS Plaintiffs' Motion and awards Class Counsel one-third (1/3) of the net settlement fund, which amounts to $_____, and $47,780.86 in litigation expenses to be paid from the settlement fund pursuant to the terms and timeframe set forth in the settlement agreement.

IT IS SO ORDERED.

Dated: _____

The Honorable John R. Blakey
United States District Judge