IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BNVS Transport LLC and MEIN & MEEN TRUCKING, INC., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>C&K TRUCKING, LLC,<br><br>　　　　Defendants. | Case No. 1:20-CV-04305<br><br>HON. JOHN ROBERT BLAKEY<br><br>HON. M. DAVID WEISMAN<br><br>DATE: February 15, 2023<br>TIME: 11:00 a.m.<br>LOCATION: Courtroom 1203<br>219 South Dearborn Street<br>Chicago, IL 60604<br>JUDGE: Hon. John Robert Blakey |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR SERVICE AWARDS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION…………………………………………………………………………1 |
| II. | SUMMARY OF THE CLASS REPRESENTATIVES' WORK ON THIS CASE…...………2 |
| III. | LEGAL STANDARD………………………......................................................5 |
| IV. | THE SERVICE AWARDS TO THE CLASS REPRESENTATIVES ARE REASONABLE……………………………………………………………………7 |
| A. | The Class Representatives invested substantial time and effort into the case …………………7 |
| B. | The Class Representatives advocated for the Classes' best interests ………………….............8 |
| C. | The Class Members received a meaningful benefit from the Class Representatives' service…...8 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION
FOR SERVICE AWARDS

## TABLE OF AUTHORITIES

**CASES**

*Caligiuri v. Symantec Corp.*,
855 F.3d 860, 867 (8th Cir. 2017) ............................................................................................. 5

*Chambers v. Together Credit Union*,
(S.D. Ill. May 14, 2021) .............................................................................................................. 5

*Cook v. Niedert*,
142 F.3d 1004, 1016 (7th Cir. 1998) ......................................................................................... 6

*Craftwood Lumber Co. v. Interline Brands, Inc.*,
(E.D. Ill. Mar. 23, 2015) ............................................................................................................. 7

*Desai v. ADT Sec'y Servs., Inc.*,
(N.D. Ill. Feb. 27, 2013) .............................................................................................................. 6

*Galloway v. Williams*,
(E.D. Va. Dec. 18, 2010) ............................................................................................................ 5

*Heekin v. Anthem, Inc.*,
(S.D. Ind. Nov. 20, 2012) ........................................................................................................... 6

*In re Southwest Airlines Voucher Litig.*,
(E.D. Ill. Aug. 26, 2013) ............................................................................................................. 7

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948, 958 (9th Cir. 2009) ............................................................................................. 5

*T.K. v. Bytedance Tech. Co.*,
(N.D. Ill. Mar. 25, 2022) ............................................................................................................. 5

*Will v. Gen. Dynamics Corp.*,
(S.D. Ill. Nov. 22, 2010) ............................................................................................................. 6

*Woods v. Club Cabaret, Inc.*,
(C.D. Ill. May 17, 2017) ............................................................................................................. 8

*Yarrington v. Solvay Pharms., Inc.*,
697 F. Supp. 2d 1057, (D. Minn. 2010) .................................................................................... 5

I.  **INTRODUCTION**

Plaintiffs request that this Court approve service awards to class representatives Valinda Stephens, Bernard Shurn, and Damien Muhammad for their important and substantial contributions to the Classes in both the litigation and settlement of this matter. Plaintiffs seek a service award for each class representative in the amount of $20,000. The requested service awards are warranted in light of the class representatives' substantial time and effort in assisting Counsel to develop and prosecute this case; the financial and professional risks they undertook in bringing this lawsuit; their commitment to prosecuting the case in the best interests of the Classes; the fact that they have executed a broader release than the other Class Members; and the benefits they conferred on the Classes by stepping forward to be the class representatives. Further, the requested service awards fall within the range of amounts granted by courts in this Circuit.

Defendant C&K Trucking, LLC does not oppose the requested service awards, which will be paid from the $3.35 million Gross Settlement Fund. Ms. Stephens and Messrs. Shurn and Muhammad are submitting herewith declarations in support of the requested service awards, which attest to their efforts and goals in bringing this case and helping Class Counsel to litigate it effectively on behalf of the Classes. Ms. Stephens and Messrs. Shurn and Muhammad worked diligently with Counsel to represent the interests of owner-operators who provided services to Defendant C&K Trucking, LLC and its clients. The class representatives put aside their personal interests so that they could represent the best interests of the Classes and make the significant relief secured by this case a reality for the approximately 1,000 other Class Members. They devoted substantial time to this litigation, including by communicating with and assisting counsel at all stages, searching for and producing approximately 1,000 pages of documents, preparing for and sitting for full-day depositions, attending and participating in the mediation sessions, and

appearing at the hearing on the motion for preliminary approval, among other contributions. The class representatives deserve reasonable awards in consideration of the significant benefits they have conferred on the Class Members by working with Counsel to bring about a strong result, the considerable professional and financial risks they took to serve as class representatives, and their agreement to a broader release of claims than the unnamed Class Members. For the reasons stated herein, Plaintiffs respectfully request that this Court approve the proposed service award of $20,000 each to Ms. Stephens and Messrs. Shurn and Muhammad.

## II. SUMMARY OF THE CLASS REPRESENTATIVES' WORK ON THIS CASE

The procedural history of this case has been well-documented in Plaintiffs' motion for preliminary approval of the proposed settlement, *see* ECF 70, and Plaintiffs' motion for reasonable attorney's fees and costs, which Plaintiffs are filing concurrently herewith. The following is a brief, non-exhaustive summary that details the work Ms. Stephens and Messrs. Shurn and Muhammad performed.

Ms. Stephens and Messrs. Shurn and Muhammad are owner-operators in the trucking industry. Declaration of Valinda Stephens in Support of Motion for Service Awards ("Stephens Decl.") at ¶ 3; Declaration of Bernard Shurn in Support of Motion for Service Awards ("Shurn Decl.") at ¶ 3; Declaration of Damien Muhammad in Support of Motion for Service Awards ("Muhammad Decl.") at ¶ 3. They contracted to provide services to Defendant C&K Trucking, LLC ("Defendant" or "C&K") through their small businesses, BNVS Transport LLC and Mein & Meen Trucking, Inc. Stephens, Shurn, & Muhammad Decls. at ¶ 4. Ms. Stephens and Messrs. Shurn and Muhammad all experienced pay issues throughout their tenures with C&K and witnessed other owner-operators having similar problems. Stephens, Shurn, & Muhammad Decls. at ¶ 5. Their complaints formed the basis for the eventual class action complaint in this case, which

alleged that C&K systematically paid owner-operators less than it was contractually obligated to, made misrepresentations concerning pay to owner-operators, made unlawful deductions from their pay, and lacked transparency in its pay processes, in violation of the Truth in Leasing Act Regulations and the Illinois common law of breach of contract and fraud. Stephens, Shurn, & Muhammad Decls. at ¶ 6; *see also* Compl. & First Am. Compl. (ECF 1, 24).

After initially seeking counsel in February or March of 2020, Ms. Stephens and Messrs. Shurn and Muhammad stepped forward to act as class representatives and pursue this class action complaint on behalf of owner-operators who have contracted with C&K. Stephens Decl. at ¶¶ 7-9; Shurn Decl. at ¶¶ 7-8; Muhammad Decl. at ¶¶ 6-. In doing so, they committed themselves to putting the group's interests first and to investing significant time and energy into the case. Stephens Decl. at ¶ 9; Shurn & Muhammad Decls. at ¶ 8.

In their role as class representatives, Ms. Stephens and Messrs. Shurn and Muhammad stayed in steady contact with Counsel and provided them with valuable information and assistance in the prosecution of the case at each stage, often interrupting their day-to-day work to take Counsel's calls. Stephens & Muhammad Decls. at ¶¶ 11-17; Shurn Decl. at ¶¶ 10-16; Declaration of Joshua G. Konecky in Support of Motions for Attorneys' Fees and Costs, and Service Awards ("Konecky Decl.") at ¶¶ 61-63.

Before the complaint was filed, Ms. Stephens and Messrs. Shurn and Muhammad spoke with counsel at length and provided documentation regarding their claims. Stephens & Muhammad Decls. at ¶¶ 6, 11; Shurn Decl. at ¶¶ 6, 10. After the case was filed, on September 14, 2020, Defendant filed a motion to dismiss the complaint in this matter. ECF 19. Ms. Stephens and Messrs. Shurn and Muhammad worked closely with counsel to help amend the complaint by adding additional details to support the Classes' claims. Stephens & Muhammad Decls. at ¶ 11;

Shurn Decl. at ¶ 10. These efforts greatly assisted Counsel in successfully opposing Defendant's motion to dismiss the first amended complaint. *See* Stephens & Muhammad Decls. at ¶ 11; Shurn Decl. at ¶ 10; *see also* Konecky Decl. at ¶ 11.

After the parties resolved the pleadings, Ms. Stephens and Messrs. Shurn and Muhammad devoted extensive time and effort to responding to discovery requests. Among other contributions, they collectively produced approximately 1,000 pages of documents and all three sat for depositions that lasted six or more hours. Stephens & Muhammad Decls. at ¶ 12; Shurn Decl. at ¶ 11. All three missed work to prepare and sit for their depositions. Stephens & Muhammad Decls. at ¶ 12; Shurn Decl. at ¶ 11. All three then assisted Counsel in preparing Plaintiffs' motion for class certification, in support of which Ms. Stephens and Mr. Muhammad provided sworn declarations. Stephens & Muhammad Decls. at ¶ 13; Shurn Decl. at ¶ 12.

Ms. Stephens and Messrs. Shurn and Muhammad also attended and actively participated in both mediation sessions in this case. Stephens & Muhammad Decls. at ¶ 14; Shurn Decl. at ¶ 13; Konecky Decl. at ¶ 62. The class representatives' participation and willingness to speak up on behalf of the owner-operators during the negotiation process helped the mediator better understand the issues confronting the owner-operators and proved instrumental to achieving a strong result for the class. Stephens & Muhammad Decls. at ¶ 14; Shurn Decl. at ¶ 13; Konecky Decl. at ¶ 62.

Ms. Stephens and Messrs. Shurn and Muhammad remained committed to the case after the close of mediation as well. For instance, they invested time and effort into assisting counsel to prepare the long-form settlement agreement. Stephens & Muhammad Decls. at ¶ 14; Shurn Decl. at ¶ 13; Konecky Decl. at ¶ 62. They also missed work to attend the preliminary approval hearing. Stephens & Muhammad Decls. at ¶ 15; Shurn Decl. at ¶ 14; Konecky Decl. at ¶ 62. Additionally,

they all agreed to releases that are broader than the class release. Stephens & Muhammad Decls. at ¶ 14; Shurn Decl. at ¶ 13; Konecky Decl. at ¶ 62.

As owner-operators, Ms. Stephens and Messrs. Shurn and Muhammad depend on the ability to contract with larger companies to provide services. They therefore faced the risk of losing income and harming their business opportunities when they chose to be the faces of a class action challenging the pay practices of a company in the trucking industry. Stephens & Shurn Decls. At ¶ 9; Muhammad Decl. at ¶ 10. They also faced the risk that Defendant might seek its costs from them if it prevailed in this action. Stephens Decl. at ¶ 9; Shurn Decl. At ¶ 9; Muhammad Decl. at ¶¶ 10. They nonetheless stepped forward to advocate for the owner-operators. Stephens Decl. at ¶¶ 7-8; Shurn Decl. at ¶¶ 7-8; Muhammad Decl. at ¶¶ 6-10.

### III. LEGAL STANDARD

Service awards are common in class action cases. *See, e.g., Chambers v. Together Credit Union*, 2021 U.S. Dist. LEXIS 92151, at *7 (S.D. Ill. May 14, 2021) ("[Service] awards are common[.]"); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017) ("Courts often grant service awards . . . in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.'") (quoting *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1068 (D. Minn. 2010)); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases."); *Galloway v. Williams*, 2020 U.S. Dist. LEXIS 238950, at *55-56 (E.D. Va. Dec. 18, 2010) ("Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation.") (citation omitted). Such awards encourage individual plaintiffs to undertake the responsibility of representative lawsuits. *See T.K. v. Bytedance Tech. Co.*, 2022 U.S. Dist. LEXIS 65322, at *71 (N.D. Ill. Mar. 25, 2022) (Blakey,

J.) (recognizing that "[b]ecause a named plaintiff is an essential ingredient of any class action, courts will deem a service award appropriate if it is necessary to induce an individual to participate in the suit.") (alterations and citations omitted).

The service awards requested here – $20,000 per class representative – are within the range of amounts commonly granted by Seventh Circuit courts. *See, e.g.*, *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming $25,000 incentive award to lead class representative); *Heekin v. Anthem, Inc.*, 2012 U.S. Dist. LEXIS 165464, at *3-5 (S.D. Ind. Nov. 20, 2012) (approving $25,000 each to two class representatives over objection); *Desai v. ADT Sec'y Servs., Inc.*, No. 11-1925 (N.D. Ill. Feb. 27, 2013) (ECF 243 at ¶ 20) (granting $30,000 each to two class representatives); *Will v. Gen. Dynamics Corp.*, 2010 U.S. Dist. LEXIS 123349, at *13 (S.D. Ill. Nov. 22, 2010) (granting $25,000 to each of three named plaintiffs); *see also Chambers*, 2021 U.S. Dist. LEXIS 92151, at *8 ("In the Seventh Circuit, including in this District, class representative service awards of $10,000 to $25,000 or more are not uncommon.") (collecting cases).

Relevant factors in evaluating a request for service awards include (1) the time and effort a class representative expended in pursuing the litigation; (2) the actions the class representative took to protect the class's interests; and (3) the degree to which the class has benefitted from those actions. *Cook*, 142 F.3d at 1016. For the reasons discussed below, Plaintiffs respectfully submit that these factors support the requested service awards under the circumstances here.

### IV. THE SERVICE AWARDS TO THE CLASS REPRESENTATIVES ARE REASONABLE

**A. The Class Representatives invested substantial time and effort into the case**

Ms. Stephens and Messrs. Shurn and Muhammad invested extensive time and effort in this case from before it was filed through the present. *See* Section II, *supra*. Among other contributions,

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR SERVICE AWARDS

they made themselves readily available to Counsel, frequently interrupting their work to take calls; provided detailed information at the pleadings stage to assist Counsel in successfully opposing a motion to dismiss; each sat for a deposition of six or more hours; together produced approximately 1,000 pages of documents; assisted in preparing the motion for class certification; participated in both mediation sessions, proving themselves invaluable to negotiating a strong result for the Classes; and demonstrated a continuing commitment to the case even after reaching an agreement, including by appearing for the hearing on Plaintiffs' motion for preliminary approval. *See id.* These facts support the requested service awards. *See, e.g.*, *Craftwood Lumber Co. v. Interline Brands, Inc.*, 2015 U.S. Dist. LEXIS 35421, at *17-18 (E.D. Ill. Mar. 23, 2015) (granting a service award of $25,000 where, *inter alia*, the class representative "attend[ed] two separate mediations and ha[d] his deposition taken."); *see also In re Southwest Airlines Voucher Litig.*, 2013 U.S. Dist. LEXIS 120735, at *31-32 (E.D. Ill. Aug. 26, 2013) (granting $15,000 service awards to each class representative where, *inter alia*, "[b]oth assisted with written discovery, both . . . prepared for and sat for depositions, and both consulted with class counsel on a regular basis.").

### B. The Class Representatives advocated for the Classes' best interests

Ms. Stephens and Messrs. Shurn and Muhammad also actively promoted the Classes' best interests. For example, they chose to pursue this case on behalf of the owner-operators despite the financial and reputational risks inherent in challenging a larger player in their industry. *See* Section II, *supra*; *Cook*, 142 F.3d at 1016 (risk of "workplace retaliation" supported $25,000 incentive award). Additionally, they were heavily involved in the discovery process, prepared extensively for their depositions, and did not hesitate to speak up for the owner-operators at the two mediation sessions. *See* Section II, *supra*. Thus, this factor also supports the requested service awards.

C.  **The Class Members received a meaningful benefit from the Class Representatives' service**

Without Ms. Stephens and Messrs. Shurn and Muhammad stepping forward, there would be no beneficial settlement at all for the Class. *See, e.g.*, *Woods v. Club Cabaret, Inc.*, 2017 U.S. Dist. LEXIS 198896, at *35 (C.D. Ill. May 17, 2017) ("Without [the class representative] initiating th[e] action, there would be no settlement for any of the class members.") Their commitment to the class's interests and active participation in settlement negotiations were crucial to achieving the $3.35 million settlement the Court has preliminarily approved. *See* Section II, *supra*. Accordingly, this factor also weighs in favor of the requested service awards.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the requested service awards.

Respectfully submitted,

DATED: December 22, 2022

**VUCKO LAW LLP**

By:  */s/ Stacey Vucko*
Stacey Vucko
Attorneys for Plaintiffs

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

By:  */s/ Joshua Konecky*
Joshua Konecky
Sarah McCracken
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that December 22, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

> */s/ Joshua Konecky*
> Joshua Konecky