IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BNVS Transport LLC and MEIN & MEEN TRUCKING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>C&K TRUCKING, LLC,<br><br>Defendants. | Case No. 1:20-CV-04305<br><br>HON. JOHN ROBERT BLAKEY<br><br>HON. M. DAVID WEISMAN<br><br>DATE: February 15, 2023<br>TIME: 11:00 a.m.<br>LOCATION: Courtroom 1203<br>219 South Dearborn Street<br>Chicago, IL 60604<br>JUDGE: Hon. John Robert Blakey |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………….……..1

II.     OVERVIEW OF COUNSEL'S WORK ON THIS CASE……………………….……....2

III.    LEGAL BASIS FOR AWARD OF ATTORNEYS' FEES AND COSTS……………….5

        A.      Plaintiffs' entitlement to attorneys' fees…………………………….............5

        B.      Methods for evaluating attorneys' fee requests in the Seventh Circuit…………...6

        C.      The preferred percentage of the fund approach applies here……………………...6

        D.      A fee of one-third (1/3) the net settlement amount is fair and reasonable………...7

                1.      The quality of performance and work invested support the fee
                        request…………………………………………………………………..7

                2.      The risks presented by the contingent nature of the recovery and the
                        stakes of the case support the fee request………………………….……... 9

                3.      The requested fees reflect typical contingency fee agreements in this
                        Circuit and are in line with previous fee awards that Counsel have
                        received ……………………………………………………………11

                4.      The requested fees are well within the typical range of awards that
                        Seventh Circuit courts grant in class action cases………………….……12

                5.      Counsel's requested fees are commensurate with their lodestar………...13

IV.     PLAINTIFFS' REQUESTED COST REIMBURSEMENTS ARE REASONABLE
        …………………………………………………………………………14

V.      CONCLUSION…………………………………………………………...15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Allegretti v. Walgreen Co.*,
N.D. Ill. Jan. 4, 2022. ........................................................................................ 7, 12

*Birchmeier v. Carribean Cruise Line, Inc.*,
896 F.3d 792, (2018) ........................................................................................ 7, 13

*Boeing Co. v. Van Gemert*,
444 U.S. 472, (1980) ........................................................................................ 6, 14

*Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*,
897 F.3d 825, (7th Cir. 2018)) ............................................................................ 7

*Florin v. Nationsbank of Ga., N.A.*,
34 F.3d 560, (7th Cir.1994) ................................................................................ 6

*Garcia v. J.C. Penney Corp.*,
N.D. Ill. Aug. 9, 2017 ........................................................................................ 13

*Gaskill v. Gordon*,
160 F.3d 361 (7th Cir. 1998) .............................................................................. 11

*George v. Kraft Foods Global, Inc.*,
N.D. Ill. June 26, 2012 ...................................................................... 7, 12, 13, 14

*Hale v. State Farm Mut. Auto. Ins. Co.*,
S.D. Ill. Dec. 16, 2018 ..................................................................................... 6, 14

*In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*,
792 F. Supp. 2d 1028 (N.D. Ill. 2011) .............................................................. 15

*In re Cap. One TCPA Litig.*,
80 F. Supp. 3d 781 (N.D. Ill. 2015) .................................................................... 7

*In re Comdisco Sec. Litig.*,
150 F. Supp. 2d 943, 948 ................................................................................... 13

*In re Dairy Farmers of Am., Inc.*,
80 F. Supp. 3d 838 (N.D. Ill. 2015) .................................................................. 14

*In re Ready-Mixed Concrete Antitrust Litig.*,
S.D. Ind. Mar. 31, 2009 ..................................................................................... 12

*In re Synthroid Mktg. Litig.*,
325 F.3d 974, (7th Cir. 2003) .......................................................................... 13, 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

*In re Tiktok, Inc., Consumer Priv. Litig.*,
N.D. Ill. July 28, 2022 ........................................................................... 12

*Jeffboat, LLC v. Dir., OWCP*,
553 F.3d 487 (7th Cir. 2009) ................................................................. 14

*Kirchoff v. Flynn*,
786 F.2d 320, (7th Cir. 1986) ............................................................... 11

*Konlinek v. Walgreen Co.*,
311 F.R.D. 483, (N.D. Ill. 2015) ........................................................... 12

*Leung v. XPO Logistics, Inc.*,
326 F.R.D. 185, (N.D. Ill. 2018) ...................................................... 7, 12

*Mangone v. First USA Bank*,
206 F.R.D. 222, (S.D. Ill. 2001) ........................................................... 11

*Michels Corp. v. Cent. States*,
N.D. Ill. May 30, 2017 ..................................................................... 13, 14

*Pearson v. NBTY, Inc.*,
 772 F.3d 778, (7th Cir. 2014)……………………………………………………..12

*Reid v. Unilever U.S., Inc.*,
N.D. Ill. June 10, 2015 ............................................................................ 6

*Retsky Family Ltd. V. P'ship v. Price Waterhouse, LLP*,
N.D. Ill. Dec. 10, 2001 .......................................................................... 11

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560, (N.D. Ill. 2011) ................................................... 13

*Silverman v. Motorola Sols., Inc.*,
739 F.3d 956, (7th Cir. 2013) ........................................................... 9, 15

*Simms v. Exacttarget, LLC*,
S.D. Ind. Oct. 2, 2018 ........................................................................... 13

*Skelton v. Gen. Motors Corp.*,
860 F.2d 250, (7th Cir. 1988) ............................................................. 6, 7

*Sutton v. Bernard*,
504 F.3d 688 ........................................................................................... 9

*T.K. Bytedance v. Tech. Co., Ltd.*,
2022 U.S. Dist. LEXIS 65322 ..................................................... passim

*Taubenfeld v. AON Corp.*,
415 F.3d 597, (7th Cir. 2005) ............................................................... 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

**<u>Statutes</u>**

49 U.S.C. § 14704(e) .............................................................................................................. 5, 6

**<u>Rules</u>**

Fed. R. Civ. P. 23 .................................................................................................................. 5, 14

Federal Rule of Civil Procedure 23(h) ..................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

## I.    INTRODUCTION

Plaintiffs BNVS Transport LLC and Mein & Meen Trucking, Inc. respectfully submit this joint application of attorneys' fees and costs to compensate Plaintiffs' counsel for the skillful work they undertook on a completely contingent basis to achieve a beneficial class action settlement.

The proposed class action settlement, which the Court preliminarily approved on November 15, 2022 (ECF 75), establishes a non-reversionary common settlement fund of $3,350,000. Plaintiffs' counsel worked diligently and effectively to achieve this strong outcome for the members of the settlement classes. Indeed, Plaintiffs' counsel conducted a thorough investigation, comprehensive discovery, effective depositions, important legal research, and proficient motion practice to establish a strong negotiating position for the settlement discussions. These settlement discussions, in turn, were supervised by Professor Lynn Cohn, Director of the Center on Negotiation and Mediation at Northwestern School of Law, and included two separate mediation sessions, along with numerous discussions between counsel, Plaintiffs' expert, and the parties, before and between those two sessions.  Plaintiffs' counsel's ongoing commitment to and work on the case ultimately allowed them to secure the evidence and present the legal and factual analyses that persuaded Defendant to agree to the beneficial class settlement now before the Court.

When Plaintiffs and their counsel agreed to take this case on as a class action, the result was not certain. As discussed below, the case presented many risks and potential roadblocks that could have resulted in little or no recovery for the Classes or the attorneys. Nonetheless, counsel accepted the case on a wholly contingent fee basis, pursuing it with skill and diligence before achieving the strong result now before this Court. Because of counsel's advocacy and willingness to proceed in the face of substantial risk, Class Members will receive a meaningful recovery without having to wait through considerably more years of litigation and attendant delays.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs request attorneys' fees of one-third (1/3) the net settlement fund. This is in line with Circuit precedent concerning market rate for similar cases and well within the range of awards courts in the Seventh Circuit have granted. Plaintiffs' fee request is amply supported by the strong results achieved, skill of counsel in achieving them, and risks undertaken in bringing the case, among other factors that inform the determination of reasonable fee awards. As further discussed below, the requested fee is also commensurate with Plaintiffs' counsel's lodestar. For these reasons and as discussed further below, Plaintiffs respectfully request that the Court grant the Motion.

## II.  OVERVIEW OF COUNSEL'S WORK ON THIS CASE

In approximately February and March 2020, one of Plaintiffs' counsel, Stacey Vucko, of Vucko Law LLP began investigating complaints she received from Plaintiffs' representatives, Valinda Stephens, Bernard Shurn, and Damien Muhammad, concerning their work at C&K Trucking, LLC. Vucko Decl. at ¶ 10. Plaintiffs complained about ongoing underpayments, confusing and inadequately documented or explained deductions from their pay, and a lack of transparency in Defendant's pay processes. *Id.*; Konecky Decl. at ¶ 8. Ms. Vucko met with Plaintiffs' representatives in person, over the phone, and by email, and analyzed documentation they provided. Vucko Decl. at ¶ 10. She then sought to partner with Schneider Wallace Cottrell Konecky LLP, a firm with substantial experience in similar class actions, to further investigate and pursue Plaintiffs' claims. *Id.*; Konecky Decl. at ¶ 8.

Plaintiffs' counsel did not take the decision to bring this case lightly. They knew from previous experience that cases challenging large transportation companies' pay practices are often vigorously litigated. Konecky Decl. at ¶ 45. This includes extensive discovery, motion practice, contested motions for class certification, and even trial or pretrial proceedings before such cases can be resolved. *Id.* Despite these risks, Counsel believed in the merit of the case and pressed

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

forward with representing Plaintiffs and the Class. *Id.* at ¶¶ 8-9, 45-48. On July 22, 2020, Plaintiffs filed a class action complaint in this District, identifying Ms. Stephens and Mr. Shurn, d/b/a BNVS Transport LLC and Damien Muhammad, d/b/a Mein & Meen Trucking as the Named Plaintiffs. *Id.* at ¶ 9.

On September 14, 2020, Defendant filed a motion to dismiss the Complaint based primarily upon the argument that Ms. Stephens and Messrs. Shurn and Muhammad could not sue C&K in their personal capacities because they signed their contracts with C&K on behalf of their companies rather than on behalf of themselves personally. ECF 19. Without conceding the legitimacy of Defendant's arguments and to efficiently advance the litigation, Plaintiffs' counsel filed a First Amended Complaint on October 5, 2020 that substituted BNVS Transport LLC and Mein & Meen Trucking, Inc. as the Named Plaintiffs. Konecky Decl. at ¶ 10.

On October 26, 2020, Defendant filed a second motion to dismiss, based upon the contentions that the companies did not have standing and that Plaintiffs' allegations were insufficiently detailed. ECF 26. Plaintiffs' counsel put substantial efforts into preparing and filing the opposition, which was filed on November 23, 2020. ECF 34. Defendant filed its reply on December 7, 2020. ECF 37. Plaintiffs' counsel's efforts proved worthwhile, as the Court denied the motion and ordered Defendant to file an Answer. ECF 39. Defendant filed its Answer to the First Amended Complaint on June 4, 2021. ECF 40.

After resolving the pleadings, the parties propounded and responded to requests for production of documents and interrogatories. Konecky Decl. at ¶ 12. Defendant produced over 20,000 pages of documents, including (after meet and confer) a class list that enabled Plaintiff's counsel to contact and interview putative class members. *Id.* Plaintiffs searched for and produced

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

approximately 1,000 pages of documents. *Id.* The parties also provided substantive answers (in addition to objections) to the interrogatories served on each other. *Id.*

The parties also pressed forward with depositions. On January 12, 2022, Plaintiffs' counsel took the deposition of Defendant's President, Sean McShane, who appeared as a designee witness pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id.* at ¶ 13. Defendant's counsel took the deposition of Valinda Stephens in her individual capacity and as a Rule 30(b)(6) designee witness of BNVS Transport LLC on February 11, 2022, the deposition of Bernard Shurn on February 24, 2022, and the deposition of Damien Muhammad in his individual capacity and as a Rule 30(b)(6) designee witness of Plaintiff Mein & Meen Trucking, Inc. on March 22, 2022. *Id.*

On May 20, 2022, Plaintiffs filed their motion for class certification, which was supported by excerpts from the foregoing depositions, documents and interrogatory responses, declarations from putative class members that they spent significant time interviewing, and a memorandum of points and authorities. ECF 62; Konecky Decl. at ¶¶ 12-14, 32, 34.

While the motion for class certification was pending, the parties engaged in extensive, arms-length negotiations facilitated by Professor Lynn Cohn, Director of the Center on Negotiation and Mediation at the Northwestern School of Law. Konecky Decl. at ¶ 15. The negotiations were informed by documents, interrogatory responses, and depositions provided by both sides, as well as the exchange of mediation data and information (including revenue and settlement data produced by Defendant for the time period through May 16, 2021). *Id.* Counsel also prepared and exchanged mediation briefs with substantive legal and factual analysis. *Id.* After this exchange of information, the parties and their counsel also attended two mediation sessions on June 27 and July 29, 2022, and Plaintiffs' counsel had numerous discussions with their expert and Defendants' counsel before and between the mediation sessions. *Id.* Both mediation sessions were attended by

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

representatives of the parties, including Defendant's President, Valinda Stephens and Bernard Shurn, owner-operators of Plaintiff BNVS Transport LLC, and Damien Muhammad, owner-operator of Plaintiff Mein & Meen Trucking, Inc. *Id.* at ¶¶ 15, 59. With Professor Cohn's assistance, the parties reached an agreement on the material terms of a settlement agreement. *Id.* at ¶ 15.

Following the close of mediation, the parties negotiated the remaining details of the settlement. *Id.* at ¶ 16. Counsel also worked together to prepare a long-form settlement agreement and notice to the class, among other settlement documents the parties have now submitted to the Court. *Id.* at ¶ 17.

On September 28, 2022, Plaintiffs filed the motion for preliminary approval of the proposed class action settlement. ECF 70. On November 15, 2022, the Court issued its Order (1) certifying the class for settlement purposes; (2) preliminarily approving the class settlement; (3) approving the class notice; and (4) scheduling the final approval hearing. ECF 75. Following preliminary approval, counsel worked with the administrator to facilitate notice and address class member inquiries in a timely manner. Konecky Decl. at ¶ 20.

## III. LEGAL BASIS FOR AWARD OF ATTORNEYS' FEES AND COSTS

### A. Plaintiffs' entitlement to attorneys' fees

Federal Rule of Civil Procedure 23(h) provides, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Additionally, the Truth in Leasing Act contains a fee-shifting provision that authorizes a court to award attorneys' fees to the prevailing party. 49 U.S.C. § 14704(e).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

### B. Methods for evaluating attorneys' fee requests in the Seventh Circuit

Where a settlement produces a common fund for the benefit of the entire class, there are two methods of calculating attorneys' fees: (1) the percentage of recovery method, and (2) the lodestar/multiplier method. *Reid v. Unilever U.S., Inc.*, 2015 U.S. Dist. LEXIS 75383, at *14 (N.D. Ill. June 10, 2015) ("In a case where common fund principles apply, a district court may apply either the percentage approach or the lodestar method.") (citing *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994)); *see also T.K. v. Bytedance v. Tech. Co., Ltd.*, 2022 U.S. Dist. LEXIS 65322, at *66 (N.D. Ill. Mar. 25, 2022) (Blakey, J.) ("[T]his Court has discretion to use 'either a percentage of the fund or lodestar methodology[.]'") (quoting *Hale v. State Farm Mut. Auto. Ins. Co.*, 2018 U.S. Dist. LEXIS 210368 (S.D. Ill. Dec. 16, 2018)).

### C. The preferred percentage of the fund approach applies here

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). "[T]he 'percentage method is employed by the vast majority of courts in the Seventh Circuit'" in evaluating fee requests in common fund settlements. *See Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *66 (Blakey, J.) (quoting *Hale*, 2018 U.S. Dist. LEXIS 210368). Moreover, "[t]he Seventh Circuit has determined that . . . 'when a settlement fund is created in exchange for release of the defendant's liability both for damages and for statutory attorney's fees, equitable fund principles must govern the court's award of attorney's fees.'" *Reid*, 2015 U.S. Dist. LEXIS 75383, at *15 (quoting *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 256 (7th Cir. 1988)).

The percentage of the fund approach applies under the circumstances. Plaintiffs here sought attorneys' fees under a fee-shifting statute, and the agreement at issue requires Defendant to pay

$3.35 million into a common fund in exchange for a release of liability for both damages and attorneys' fees. *See* Amended Compl. (ECF 24) at p. 23 (citing 49 U.S.C. § 14704(e)); Settlement Agreement (ECF 70-1 at pp. 16-43) at §§ 1.34, 3.1, 3.2.2, 6; *Reid*, 2015 U.S. Dist. LEXIS 75383, at *15 (quoting *Skelton*, 860 F.2d at 256). The courts in the Seventh Circuit routinely award fees under this approach in class action cases. *See, e.g., Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *65-69 (Blakey, J.); *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 198-203 (N.D. Ill. 2018); *George v. Kraft Foods Global, Inc.*, 2012 U.S. Dist. LEXIS 166816, at *7-13 (N.D. Ill. June 26, 2012); *Allegretti v. Walgreen Co.*, 2022 U.S. Dist. LEXIS 31985, at *9-11, *13-14 (N.D. Ill. Jan. 4, 2022); *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 795 (7th Cir. 2018); *In re Cap. One TCPA Litig.*, 80 F. Supp. 3d 781, 808 (N.D. Ill. 2015).

**D. A fee of one-third (1/3) the net settlement amount is fair and reasonable**

To determine the percentage of the net settlement amount that constitutes the market rate, Seventh Circuit courts consider the following factors: "'the risk of nonpayment, the quality of the attorney's performance, the amount of work necessary to resolve the litigation, and the stakes of the case.'" *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *66 (Blakey, J.) (quoting *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 832-33 (7th Cir. 2018)). "[C]ourts also consider the 'normal rate of compensation in the market.'" *T.K. Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *66 (Blakey, J.) (citation omitted). These factors support a market rate of one third the net settlement amount as discussed below.

### 1. *The quality of performance and work invested support the fee request*

The quality of Plaintiffs' counsel's performance and time invested support the requested fee award. In addition to accepting considerable risk in litigating this action, Plaintiffs' counsel committed their time and resources to this case without any guarantee of compensation, including

substantial investigation, discovery, depositions, motion practice, and arms-length negotiations. All this work paved the way for the $3,350,000 settlement fund for the Classes' benefit.

Plaintiffs' counsel committed significant time and resources to this matter from the pre-filing stage to the present. Counsel spoke with the Named Plaintiffs' representatives at length, analyzed their documentary evidence, and thoroughly investigated their claims before filing this action. Vucko Decl. at ¶ 10; Konecky Decl. at ¶ 8. After filing this action, counsel confronted and surpassed two motions to dismiss. Konecky Decl. at ¶¶ 9-11. Counsel subsequently engaged in extensive discovery, which included propounding and assisting Plaintiffs' representatives in responding to discovery requests, taking and defending depositions including that of Defendant's Person Most Knowledgeable, and interviewing multiple Class Members. Konecky Decl. at ¶¶ 12-14, 32, 34. Counsel then invested extensive time and resources into preparing a motion for class certification, which was supported by excerpts from the foregoing depositions and discovery responses, declarations from Class Members, and a memorandum of points and authorities. Konecky Decl. at ¶ 14.

Counsel subsequently engaged in multi-step negotiations mediated by Professor Lynn Cohn of the Northwestern School of Law and informed by the data analysis Plaintiffs' counsel performed with the assistance of a forensic accountant. Konecky Decl. at ¶¶ 15-16, 32, 34. Once the parties reached an agreement, Plaintiffs' counsel worked with Defendant's counsel to draft a long-form agreement and notice, prepared a motion for preliminary approval, appeared for the hearing on that motion, and worked with the settlement administrator to facilitate notice. Konecky Decl. at ¶¶ 17-20.

Counsel are experienced in litigating class, collective, and individual actions, including cases related to pay in the transportation industry. Konecky Decl. at ¶¶ 8, 26-34, 45-47 and Exh.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

2; Vucko Decl. at ¶¶ 16-20. Counsel's experience in this regard and their investment of significant time, energy, and resources enabled them to thoroughly assess the strengths and weaknesses of the case and achieve a strong result for the Classes. Counsel respectfully submit that the quality of their performance and the work they invested in this action support the requested fee award.

### 2. *The risks presented by the contingent nature of the recovery and the stakes of the case support the fee request*

"As the 'risk of walking away empty-handed' increases, so too must the fee award in order to 'attract competent and energetic counsel.'" *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *67 (Blakey, J.) (quoting *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)). Thus, the risk of non-payment is a key consideration in assessing the reasonableness of a requested fee and must be incorporated into any ultimate fee award. *See Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) (finding abuse of discretion where lower court, in applying percentage-of-the-fund approach, refused to account for risk of loss on basis that "class actions rarely go to trial and that they all settle[,]" noting that "there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit . . . [b]ecause the district court failed to provide for the risk of loss, the possibility exists that Counsel, whose only source of a fee was a contingent one, was undercompensated.").

The contingent risk Plaintiffs' counsel faced support the requested fee award here. Plaintiffs' counsel take their cases on a contingent fee basis and rely on attorneys' fee and cost awards to continue their work to seek enforcement of state and federal laws. Konecky Decl. at ¶ 44; Vucko Decl. at ¶ 44. Counsel also had to forego requests by other prospective clients to bring other cases with merit to ensure they could continue to adequately and successfully represent

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs and the Classes in this matter. Konecky Decl. at ¶ 44; Vucko Decl. at ¶ 44. Additionally, Plaintiffs' counsel knew from experience pursuing class actions against large transportation companies that the Classes and Counsel faced the risk of undergoing intensive litigation, including likely appeals, potentially with no recovery. Konecky Decl. at ¶¶ 47-48, 54; *see also* Vucko Decl. at ¶ 45.

Plaintiffs' counsel faced substantial risks in winning back pay for the many owner-operators who will benefit from this settlement. *Id.* at ¶ 50. With respect to their TILA and breach of contract claims, for example, Plaintiffs faced a series of risks and uncertainties due to the possibility of differing interpretations of the standardized owner-operator agreements and the complexities of the revenue and pay data, which could also be interpreted differently. *Id.* at ¶ 51. Additionally, the common law fraud claim in this case presented the issue of reliance, a showing that could be difficult to make on a class basis. *Id.* at ¶ 52. Similarly, an argument might be presented that Plaintiffs need to show reliance on their other claims as well, including the TILA claim – and while Plaintiffs dispute whether that is correct, such an argument presented another layer of potential risk and complication. *Id.*

Developments during the litigation also increased the stakes for the owner-operators and Counsel. Specifically, while this case was pending, Defendant required existing owner-operators to sign a new contract that purported to waive their ability to participate in *any* class action proceeding. *Id.* at ¶ 53. While Plaintiffs dispute the validity of this waiver, it raised the risk that even if Plaintiffs were to prevail on class certification, Class Members could be discouraged or even prohibited from participating in the case. *Id.* Counsel were able to negotiate a strong result that will enable all Class Members whose pay was at stake to participate in the settlement, regardless of whether they have signed this new agreement. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

Risks also existed pertaining to the measure of damages that also affected the owner-operators and Counsel. *Id.* at ¶ 54. The measure of damages would have been hotly contested. *Id.* Thus, even if Plaintiffs were to prevail on class certification and liability, the measure of damages presented further risk. *Id.*

In sum, the legal and factual issues specific to this case increased the contingent risk to Counsel and the risks to the owner-operators, who risked not recovering any back pay at all. Plaintiffs' counsel therefore respectfully submit that the risks and stakes of the case also support the requested fee.

### 3. The requested fees reflect typical contingency fee agreements in this Circuit and are in line with previous fee awards that Counsel have received

The "actual fee contracts that were privately negotiated for similar litigation" may also be relevant considerations to a fee request. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (citation omitted); *Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001) (requiring weight to be given to the judgment of the parties and their counsel where the fees were agreed to through arm's length negotiations after the parties agreed on other key deal terms).

The customary contingency agreement in this Circuit is 33% to 40% of the total recovery. *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38%); *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986) (finding 40% to be "the customary fee in tort litigation"); *Retsky Family Ltd. V. P'ship v. Price Waterhouse, LLP*, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) (customer contingent fee is "between 33 1/3% and 40%.") (quotations and citation omitted). In line with these practices, co-counsel Vucko Law LLP typically includes an agreement for 1/3 of recovery in fees in its retainer agreements, with an escalator for trial work. Vucko Decl. at ¶ 22. Similarly, in class action cases such as this one, the process for co-counsel Schneider

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

Wallace Cottrell Konecky LLP is typically to make a motion for attorneys' fees and costs at the end of the case, most often as a percentage of the recovery. Konecky Decl. at ¶ 35.

### 4. The requested fees are well within the typical range of awards that Seventh Circuit courts grant in class action cases

"As the Seventh Circuit has held, attorney's fee awards in analogous class action settlements shed light on the market rate for legal services in similar cases." *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015) (citation omitted). Additionally, there is a "'presumption'" in this Circuit "that 'attorneys' fees awarded to class counsel should not exceed a third,' or 'at most half of the" net settlement amount. *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *66 (Blakey, J.) (quoting *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014)); *In re Tiktok, Inc., Consumer Priv. Litig.*, 2022 U.S. Dist. LEXIS 134177, at *68-69 (N.D. Ill. July 28, 2022).

One third of the net amount is commonly considered to be the market rate. *See George*, 2012 U.S. Dist. LEXIS 166816, at *8 (citing *In re Ready-Mixed Concrete Antitrust Litig.*, 2009 U.S. Dist. LEXIS 132343, at *34 (S.D. Ind. Mar. 31, 2009) for the proposition that 33.33% of the common fund recovered is the "market rate" for fees in common fund cases); *Allegretti*, 2022 U.S. Dist. LEXIS 31985, at *10 (describing a 1/3 fee as market rate in complex cases) (citations omitted); *see also, e.g.*, *id.* at *13-14 (awarding fees of 33.3% of the common fund); *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *66-67 (Blakey, J.) (finding that facts "support[ed] a market rate of 33.3%" in a common fund case); *Leung*, 326 F.R.D. at 203 (same).

Moreover, Seventh Circuit courts have granted fee awards constituting greater percentages of the settlement fund than Plaintiffs' counsel are requesting here. *See, e.g.*, *Birchmeier*, 896 F.3d at 795 (affirming fee award that included "the sum of 36% of the first $10 million"); *Garcia v. J.C. Penney Corp.*, 2017 U.S. Dist. LEXIS 131890, at *4-6 (N.D. Ill. Aug. 9, 2017) (granting fees

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

amounting to 35% of the gross settlement fund); *Simms v. Exacttarget, LLC*, 2018 U.S. Dist. LEXIS 245963, at \*27, \*30 (S.D. Ind. Oct. 2, 2018) (recommending that the District Judge grant 35% of the net settlement fund), *adopted by Simms v. Exacttarget, LLC*, 2018 U.S. LEXIS 245994, at \*1-2 (S.D. Ind. Oct. 19, 2018).

Plaintiffs' counsel respectfully submit that the requested fees are reasonable because they reflect a percentage that Seventh Circuit courts typically determine to be market rate, while also being at the lower end of the range of percentages Seventh Circuit courts have granted.

### 5. *Counsel's requested fees are commensurate with their lodestar*

"The use of a lodestar cross-check has fallen into disfavor." *George*, 2012 U.S. Dist. LEXIS 166816, at \*11 (citing *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 598 n.27 (N.D. Ill. 2011); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948 (N.D. Ill. 2001)). Nonetheless, Plaintiffs' counsel's lodestars support the instant fee request here because they are commensurate with the requested fees.

Courts have consistently approved the rates that Plaintiffs' counsel bill for their work, which are the reference point for determining the market rate. *See Michels Corp. v. Cent. States*, 2017 U.S. Dist. LEXIS 213714, at \*35 (N.D. Ill. May 30, 2017) ("…in the end, 'an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation.'") (quoting *Jeffboat, LLC v. Dir., OWCP*, 553 F.3d 487, 490 (7th Cir. 2009)), *adopted by Michels Corp. v. Cent. States*, 2017 U.S. Dist. LEXIS 213711 (N.D. Ill. June 19, 2017); Konecky Decl. at ¶¶ 37-40 and Exhs. 3-22; *see also* Vucko Decl. at ¶ 25. Considering Plaintiffs' counsel's reasonable rates and that the requested fees are commensurate with their lodestars, a lodestar cross-check also supports Counsel's request. *See George*, 2012 U.S. Dist. LEXIS 166816, at \*13 ("At these reasonable rates, even an unenhanced lodestar would result

in a fee far in excess of what Class Counsel have requested here. Accordingly, while the Court does not believe a lodestar cross-check is necessary, Class Counsel's fee request easily withstands such analysis.")

## IV. PLAINTIFFS' REQUESTED COST REIMBURSEMENTS ARE REASONABLE

"Rule 23(h) also permits courts to 'award . . . nontaxable costs that are authorized by law or by the parties' agreement.'" *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *70 (Blakey, J.). "[I]t 'is well established that counsel who create a common fund . . . are entitled to the reimbursement of litigation costs and expenses.'" *Id.* at *70 (quoting *Hale*, 2018 U.S. Dist. LEXIS 210638); *see also George*, 2012 U.S. Dist. LEXIS 166816, at *14 (same; such expenses "include[] . . . expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation.") (citing Fed. R. Civ. P. 23; *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980)). The Seventh Circuit has held that costs and expenses should be awarded based upon the types of "expenses private clients in large class actions (auctions and otherwise) pay." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001); *see also Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *70 (Blakey, J.) (expense reimbursement appropriate where counsel present "sufficient records to allow courts to carry out their 'duty to ensure that the expenses are reasonable.'") (quoting *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 853 (N.D. Ill. 2015)).

Here, as set forth in the accompanying Konecky and Vucko Declarations, Plaintiffs' out-of-pocket expenses include the following: (1) filing fees, court fees, and service of process; (2) mediation fees; (3) legal research; (4) overnight and bulk mail; (5) copies and postage; (6) court reporter and transcript fees for depositions; (7) e-discovery fees; (8) fees incurred to travel to and appear for the hearing on Plaintiffs' motion for preliminary approval; and (9) expert fees. Konecky Decl. at ¶ 57 & Exh. 1 (item-by-item listing of costs); Vucko Decl. at ¶ 44 & Exh. 1 (same). These

expenses were reasonable, necessary to the prosecution of this case, and are customarily billed to fee-paying clients. Moreover, at $47,780.86, they represent less than less than 1.5% of the common fund net administrative costs and proposed service awards. *See, e.g.*, *Bytedance*, 2022 U.S. Dist. LEXIS 65322, at *71 (Blakey, J.) (approving documented costs that "comprise[d] less than 1.5% of the common fund . . . (or roughly 2.2% of the common fund net administrative costs and service awards), a portion smaller than the 'average' of '4 percent of relief for the class.'") (Blakey, J.) (quoting *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1041 (N.D. Ill. 2011)); *Silverman v. Motorola, Inc.*, 2012 U.S. Dist. LEXIS 63477, at *14-15 (N.D. Ill. May 7, 2012) (approving documented costs that "consist[ed] of 2.4% of the relief obtained for the class).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for attorneys' fees and costs.

Respectfully submitted,

DATED: December 22, 2022             **VUCKO LAW LLP**

By:     */s/ Stacey Vucko*
Stacey Vucko
Attorneys for Plaintiffs

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

By:     */s/ Joshua Konecky*
Joshua Konecky
Sarah McCracken
Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS

## **CERTIFICATE OF SERVICE**

I hereby certify that December 22, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Joshua Konecky*
Joshua Konecky

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND COSTS