IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BNVS Transport LLC and MEIN & MEEN TRUCKING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C&K TRUCKING, LLC,<br><br>Defendants. | Case No. 1:20-CV-04305<br><br>Judge John Robert Blakey |

**ORDER GRANTING PLAINTIFFS' COMBINED MOTION FOR FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND REASONABLE ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiffs BNVS Transport LLC's and Mein & Meen Trucking, Inc.'s ("Plaintiffs") Combined Motion for Final Approval of Class Action Settlement, Service Awards, and Reasonable Attorneys' Fees and Costs. No opposition or objection has been filed to these Motions or the Settlement Agreement. The Court has reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted with the Motion for Preliminary Approval [70-1]. The Court has jurisdiction to consider the Motion and the relief requested therein, and venue is proper before the Court. Now, after due deliberation, and good and sufficient cause appearing;

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

    1.    Capitalized terms used in this Order that are not otherwise identified

herein have the meaning assigned to them in the Settlement Agreement.

2. The Court has now considered Plaintiff's motion for final approval of the proposed class action settlement by weighing the strength of the case, balanced against the extent of settlement offer; the complexity, length, and expense of further litigation; the amount of opposition to the settlement; the reaction of members of the class to the settlement; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed, among other factors. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court concludes based on these factors, as well as the terms of the settlement itself and the history of the arms-length negotiations that resulted in an agreement of these terms, that the settlement is "fair, adequate, and reasonable." *Id.* at 862.

3. The Court has also considered Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs and Plaintiffs' Motion for Service Awards. The Court finds that Class Counsel's requested fees of 1/3 the net settlement amount are reasonable under the applicable percentage-of-the-fund approach. *George v. Kraft Foods Global, Inc.*, 2012 U.S. Dist. LEXIS 166816, at *11 (N.D. Ill. June 26, 2012) (citing *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 598 n.27 (N.D. Ill. 2011); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948 (N.D. Ill. 2001)). The Court further finds that the the requested service awards are appropriate under the applicable standard. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

**Certification of the Settlement Class**

4. The Court finds, for purposes of settlement, that the requirements of Federal Rule of Civil Procedure 23 and other laws applicable to final settlement approval of class actions have been satisfied, and the Court hereby certifies, for settlement purposes only, the following Class:

> All current or former owner-operators based in Illinois who signed one of Defendant C&K Trucking LLC's standardized Independent Contractor Agreements and provided services pursuant to that agreement(s) at any time from July 22, 2010, to July 29, 2022.

**Federal Rule of Civil Procedure 23(a)**

5. <u>Numerosity</u>: Plaintiffs meet the criteria of Rule 23(a)(1) because there are approximately 984 Class Members, making joinder impractical. Additionally, these Class Members are ascertainable through Defendant's records.

6. <u>Common Questions</u>: Plaintiffs meet the criteria of Rule 23(a)(2) because the class claims turn upon answers to overarching common questions regarding Defendant's policies and procedures that are capable of class-wide resolution for settlement purposes. The Court finds that for settlement purposes, the common questions raised by the Class Members include whether Defendant's standard contract violates the Truth in Leasing Act Regulations pertaining to deductions and charge-backs; and whether Defendant's uniform pay practices violate its contractual obligations as to the percentage of revenue it must pay Class Members for their services, among others.

7. <u>Typicality</u>: Plaintiffs meet the Rule 23(a)(3) criteria for settlement purposes because they assert the same types of injuries arising from the same conduct

by Defendant as the absent Class Members. All Class Members performed the same or similar work for Defendant, signed the same or similar standard contract with Defendant, and were subject to the same or similar allegedly unlawful pay policies, practices, and procedures.

8.  <u>Adequacy</u>: Plaintiffs meet the Rule 23(a)(4) criteria because they do not have any conflicts with the Class, are committed to representing the Class Members' interests, and are represented by counsel with extensive expertise in class action litigation, including in cases involving pay in the transportation industry.

**Federal Rule of Civil Procedure 23(b)**

9.  The Court finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) are met because there are common questions of fact and law regarding Defendant's policies and procedures that in the context of a settlement, predominate over any individual issues. Moreover, a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy because the injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible, and the class action settlement device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

10. For the purposes of facilitating the settlement, the Court designates Valinda Stephens and Bernard Shurn of Plaintiff BNVS Trucking LLC, and Damien Muhammad of Plaintiff Mein & Meen Trucking, Inc. as Class Representatives. Also,

for the purpose of facilitating the settlement, the Court designates Stacey Vucko of Vucko Law LLP and Joshua Konecky and Sarah McCracken of Schneider Wallace Cottrell Konecky LLP as Class Counsel.

**Final Approval of Settlement, Reasonable Attorneys' Fees and Costs, and Service Awards**

11. The Court hereby grants final approval of the terms and conditions contained in the Settlement Agreement.

12. The Court finds that: (1) the settlement amount is fair and reasonable to the Class Members when balanced against the potential outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) the Parties conducted sufficient formal and informal discovery, investigation, and research to enable them to reasonably evaluate the strengths, risks and merits for class certification, the underlying merits of the legal claims, and the range of potential damages; (3) settlement at this stage will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of informed, serious, and non-collusive negotiations between the Parties.

13. For all these reasons, the Court concludes that the Settlement is "fair, adequate, and reasonable." *Wong*, 773 F.3d at 862.

14. The Court confirms its previous appointment of JND Legal Administration as the Settlement Administrator.

15. The Court finds that due and proper notice of the Settlement and its terms was provided to all Class Members, including notice of the right to object to the

proposed Settlement, the right to opt out, the right to dispute his or her workweeks, the right to appear and be heard in person or by counsel at the Fairness Hearing, and the right to object to Plaintiffs' application for attorneys' fees and costs and for a service award. The Court finds that the notice provided was the best means of providing notice to the Class Members under the circumstances. The Court further finds that it was due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1).

16. No class member has objected to the Settlement, the motion for attorneys' fees and costs, or the motion for service awards.

17. No class member has requested to opt out of the Settlement.

18. The Court finds that the requested attorneys' fees and costs are fair, reasonable, and appropriate, and approves the award of attorneys' fees in the amount of one million, sixty thousand, seven hundred thirty-nine dollars and seventy-one cents ($1,060,739.71) and attorneys' costs in the amount of forty-seven thousand, seven hundred eighty dollars and eighty-six cents ($47,780.86).

19. The Court further finds that the requested service awards for the Class Representatives are fair, reasonable, and appropriate, and approves those awards in the amount of $20,000 each to Settlement Class Representatives Valinda Stephens, Bernard Shurn, and Damien Muhammad.

20. The Court approves payment to the Settlement Administrator, JND

Legal Administration, of $60,000 out of the Gross Settlement Amount, based upon the Declaration of Andrew U. Choi from the Settlement Administrator, verifying the administrator's reasonable costs in fulfilling the settlement administration in this case.

21. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and hereby approves the settlement on a final basis pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement attached as Exhibit 1 to the Declaration of Joshua Konecky in Support of the Motion for Preliminary Approval [70-1]. The Parties shall comply with and implement the Settlement Agreement according to its terms.

22. The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any claims or allegations asserted in this action or of any wrongdoing by Defendant. Furthermore, the Settlement is not a concession by Defendant or any of the other Released Parties and shall not be used as an admission of any fault, omission, or wrongdoing by Defendant or any of the other Released Parties. Neither this Order, the Settlement nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against Defendant or any of the other Released Parties of any admission of fault, culpability, negligence, wrongdoing, or liability whatsoever.

23. Defendant shall have no further liability in this matter for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement.

24. The Class Representative and all Settlement Class Members are permanently barred and enjoined from prosecuting against Defendants, and the Released Parties, who are defined in Section 1.34 of the Agreement on any of the Released Class Claims, defined in Section 6.2 of the Agreement.

25. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

26. The Court sets this matter for a hearing on **November 15, 2023 at 11:00 a.m. in Courtroom 1203** to confirm implementation of the settlement and final dismissal of the action.

SO ORDERED.

Dated: February 22, 2023        Entered:

_____
John Robert Blakey
United States District Judge